[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 24-12402

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

REXAVION STANLEY,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 5:18-cr-00005-TKW-1

————————————————

Before NEWSOM, GRANT, and TJOFLAT, Circuit Judges.

PER CURIAM:

Rexavion Stanley appeals his sentence of 24 months' imprisonment after the District Court revoked his term of supervised release. After careful review, we affirm.

## I.

In 2018, Stanley pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). His Guidelines range was 120 months, but the District Court imposed a 60-month sentence—a considerable downward departure—followed by three years of supervised release.

Stanley began his supervised release in August 2022. By March 2023, he submitted diluted urine samples, later confirmed positive for marijuana. In April, he did it again. In May, he was arrested for domestic violence battery, to which he later pleaded guilty as a misdemeanor. The Government also alleged additional felony arrests in May, but those were dropped. The revocation hearing proceeded solely on three violations: the domestic battery and the two drug-testing failures.

At the revocation hearing, Stanley admitted to the violations. The District Court reviewed his record—multiple prior batteries, assault, robbery, and domestic violence convictions. It also considered his mitigating evidence: letters from family and his

fiancée, testimony about his work history, and his claims of self-defense in the most recent altercation.

Despite that, the District Court imposed a 24-month term—the statutory maximum for the violations—citing the severity of his conduct, the rapidity of his recidivism, and his lengthy criminal history. This appeal follows.

## II.

We review a revocation sentence for substantive reasonableness under an abuse of discretion standard, considering the totality of the circumstances. *United States v. King*, 57 F.4th 1334, 1337 (11th Cir. 2023). We will not disturb a sentence unless the District Court "(1) fails to afford consideration to relevant [§ 3553(a)] factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *Id.* (quoting *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc)).

Stanley identifies no such error. The District Court considered the appropriate § 3553(a) factors, as modified by § 3583(e). The Court expressly acknowledged Stanley's mitigating evidence and arguments, including his claims of rehabilitation, difficult personal circumstances, and efforts to hold down multiple jobs. But the Court concluded that the aggravating facts—his criminal history, his attempts to deceive his probation officer with diluted samples, and his rapid return to violent conduct—outweighed those mitigating factors. That is exactly what the statute contemplates: a

judgment call within the Court's discretion. *United States v. Riley*, 995 F.3d 1272, 1279 (11th Cir. 2021).

Stanley also takes issue with the District Court's reliance on Application Note 4 to U.S.S.G. § 7B1.4, which allows for an upward departure when the original sentence followed a downward departure. U.S.S.G. § 7B1.4 ("Where the original sentence was the result of a downward departure . . . an upward departure may be warranted."). But Stanley's objection has no textual support. Note 4 imposes no requirement that the new violation relate to the original offense. It merely observes that a court may consider whether a defendant violated supervision after receiving a sentencing break. That is what happened here.

And the Court's explanation for its variance was more than sufficient. The Court plainly stated that Stanley had "thumbed his nose" at the Court by reoffending so soon after receiving a reduced sentence. The Court noted Stanley's pattern of domestic violence and was not persuaded by his attempt to recast the latest incident as self-defense. That finding, grounded in photographic evidence, his plea, and the context of his record, was not clearly erroneous.

The District Court also emphasized deterrence. It concluded, reasonably, that a time-served sentence would not deter further violations—and that a maximum sentence might.

In the end, we do not sit to reweigh the evidence or substitute our view for that of the sentencing judge. *See Irey*, 612 F.3d at 1189. We ask only whether the sentence that the Court imposed falls within the range of permissible outcomes. Here, it does.

### III.

The District Court did not err in finding Stanley violated the terms of his supervised release, nor did it abuse its discretion in sentencing him to 24 months' imprisonment. He admitted the violations. The sentence is lawful, justified, and reasonable. We affirm.

**AFFIRMED.**